UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DET TRAN,<br><br>Defendant | Criminal No. 24cr10243<br><br>Violation:<br><br>Counts One and Two:<br>Failure to Collect and Pay Over Taxes<br>(26 U.S.C. § 7202) |

INFORMATION

At all times relevant to this Information:

General Allegations

1. The defendant, DET TRAN ("TRAN"), resided in Dorchester, Massachusetts.

2. TRAN owned and operated a temporary employment agency that operated under the name HTP Temp, Inc. ("HTP"). HTP was a Massachusetts business with an address in Dorchester, Massachusetts.

3. The term "temporary employment agency" refers to a business that provides temporary workers to client companies, ordinarily on a short-term basis. The agency typically handles the administrative and accounting tasks associated with the hiring and employment process, while the client companies direct the day-to-day work activities of the temporary employees.

4. In temporary employment agency arrangements, the agency is ordinarily responsible for paying wages to the employees, for paying state and federal employment taxes,

and for processing payroll deductions for taxes, Social Security obligations, health care benefits and union dues, if any. The agency is also responsible for meeting certain other fiduciary responsibilities of employers, including maintaining workers' compensation insurance for the employees.

Federal Tax Requirement

5. The Internal Revenue Service ("IRS") is an agency of the United States Department of the Treasury responsible for administering and enforcing the tax laws of the United States.

6. TRAN operated HTP as an "S Corporation" for federal tax purposes. For federal tax purposes, S Corporations pass corporate income (or losses) through to their shareholders, as well as certain deductions and credits. HTP was required to report to the IRS each year its annual gross receipts or sales, expenses, and resulting income or loss on a Form 1120S, U.S. Income Tax Return for an S Corporation. HTP was not required to pay federal income taxes directly; instead, the company's income (or loss) was passed through to TRAN for tax purposes and reported on TRAN's Form 1040, U.S. Individual Income Tax Return ("Form 1040").

7. As an employer, HTP was required to collect and pay over federal employment taxes. Federal employment taxes consist of two parts: (a) employee income taxes withheld from employee wages to be credited toward the employees' federal income tax obligations, and (b) Federal Insurance Contributions Act ("FICA") taxes. FICA taxes consist of Social Security taxes and Medicare taxes. For any given employee, one-half of the applicable FICA taxes is withheld from the employee's wages and the other half is paid by the employer. Federal tax law requires employers to account for, collect, and pay over to the IRS both the withheld taxes (i.e., the

employee's income tax withholdings and one-half of the FICA taxes) and the employment taxes that the employer itself owes (i.e., the employer portion of the FICA taxes).

8. Employers are required to report all wages paid to employees and all federal employment taxes on those wages on Form 941, the Employer's Quarterly Federal Tax Return. HTP was required to file Form 941 four times per year, for each quarter ending March 31, June 30, September 30, and December 31, and was required to pay over to the IRS the applicable federal employment taxes on the same schedule.

## The Tax Fraud Scheme

9. From in or about 2018 through in or about 2021, TRAN defrauded the IRS by materially misrepresenting the annual gross revenue HTP derived from customers and the actual wages HTP paid its employees.

10. TRAN accepted payments from HTP's clients by check for services that HTP provided. TRAN deposited some of these checks into a business bank account at TD Bank. However, TRAN cashed most of the checks from HTP's clients at a check casher in Worcester, Massachusetts.

11. TRAN used the bulk of the cash proceeds to pay cash wages to employees "off the books." Some HTP employees were paid by check "on the books," some by cash "off the books," and some by a combination of both.

12. TRAN also regularly deposited cash into his personal bank account.

13. TRAN provided his accountant with HTP's business bank account records to prepare the company's annual Forms 1120, but intentionally failed to disclose to the accountant the customer checks he had cashed, thereby causing the accountant to materially underreport the

company's gross receipts and business expenses on HTP's Forms 1120S for the calendar years 2018 through 2021.

### Unreported Employee Wages

14. TRAN's accountant prepared HTP's weekly payroll and its quarterly Forms 941. To prepare the weekly payroll, the accountant required that TRAN provide the identifying information of HTP employees who worked each week, and the total wages HTP paid each employee. Based on that information, the accountant provided payroll checks to HTP, and TRAN distributed the checks to employees weekly.

15. Between in or about 2018 and in or about 2021, TRAN deliberately failed to disclose to his accountant more than $8 million in cash wages he paid to HTP employees "off the books", thereby causing his accountant to prepare weekly paychecks that did not reflect the true wages paid to HTP's employees.

16. TRAN's concealment of more than $8 million in "off the books" cash wages also caused his accountant to prepare false quarterly Forms 941 for reporting HTP's employee wages and tax withholdings to the IRS between 2018 and 2021.

17. TRAN thereby evaded approximately $2,158,498.80 in employment taxes owed to the IRS.

18. Additionally, in providing these false payroll records, TRAN caused his accountant to file Forms 1120S for the tax years 2018 through 2021 that were materially false regarding HTP's business expenses.

## COUNTS ONE AND TWO
Failure to Collect and Pay Over Taxes
(26 U.S.C. § 7202)

The United States Attorney charges:

19. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 18 of this Information.

20. Between on or about July 31, 2018 and on or about January 31, 2022, in the District of Massachusetts and elsewhere, the defendant,

DET TRAN,

a person required to collect, account for, and pay over any tax, willfully failed to collect, account for, and pay over to the Internal Revenue Service the federal income taxes required to be withheld and the Federal Insurance Contributions Act taxes due and owing to the United States on behalf of HTP Temp Inc., and its employees for the following quarters:

| Count | Filing Due Date | Tax Year | Form 941 and Quarter | Approx. Tax Not Paid Over |
|---|---|---|---|---|
| 1 | 7/31/2018 | 2019 | Form 941 2018 Q2 | $75,479.51 |
| 2 | 1/31/2022 | 2021 | Form 941 2021 Q4 | $279,818.91 |

All in violation of Title 26, United State Code, Section 7202.

                                         JOSHUA S. LEVY
                                         Acting United States Attorney

                  By:     /s/ Benjamin A. Saltzman
                                         Benjamin A. Saltzman
                                           Assistant U.S. Attorney

Date: August 15, 2022