

**U.S. Department of Justice**

*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

August 12, 2024

Martin G. Weinberg, Esq.
20 Park Plaza
Suite 1000
Boston, MA 02116

>    Re:   United States v. Det Tran
>          Criminal No.   24cr10243

Dear Mr. Weinberg:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Det Tran ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

1. Change of Plea

Defendant will waive Indictment and plead guilty to each of the two counts in an Information charging failure to collect and pay over taxes, in violation of 26 U.S.C. § 7202 (Counts 1 and 2). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

The Government agrees not to charge Defendant with other crimes based on the conduct underlying the crimes charged in the Information that is known to the Government at this time.

2. Penalties

Defendant faces the following maximum penalties:

Counts 1 and 2 (Failure to Collect and Pay Over Taxes): incarceration for five years; supervised release for three years; a fine of $250,000; and a mandatory special assessment of $100.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. Rule 11(c)(1)(C) Plea

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4. Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 22:

Counts 1 and 2 (Failure to Collect and Pay Over Taxes):

a) Defendant's base offense level is 22 because the offense is referenced to USSG § 2T1.1 and the tax loss resulting from the offense was more than $1.5 million, but not more than $3.5 million (USSG § 2T1.1(a)(1), 2T4.1(I)).

Acceptance of Responsibility:

a) Defendant's offense level is decreased by 2 levels, because Defendant has no criminal history and otherwise qualifies as a first-time offender (U.S.S.G. § 4C1.1).

b) Defendant's offense level is decreased by 3 levels, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. <u>Agreed Disposition</u>

The parties agree on the following sentence:

    a) incarceration for one year and one day;

    b) a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    c) 36 months of supervised release;

    d) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

    e) restitution of $163,434.07 to Travelers Insurance Company, and, pursuant to 18 U.S.C. § 3663(a)(3), $2,411,542.80 to the Internal Revenue Service, as set forth below.

Pursuant to 18 U.S.C. § 3663(a)(3), the parties agree jointly to recommend that the Court order restitution to the Internal Revenue Service ("IRS") in the amount of $2,411,542.80. The parties also jointly agree to recommend that the Court order restitution to Travelers Insurance Company in the amount of $163,434.07.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

In addition, the parties agree jointly to recommend the following special condition of any term of supervised release or probation:

During the period of supervised release, Defendant must, within six months of sentencing or release from custody, whichever is later:

    a)     cooperate with the Examination and Collection Divisions of the IRS;

    b)     provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

    c)     provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

    d)     file accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

  e) make a good faith effort to pay all delinquent and additional taxes, interest, and penalties.

6. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Without the written approval of the U.S. Attorney, Defendant agrees not to transfer, or to cause or allow anyone else to transfer, (a) any asset restrained by the Court or which Defendant has agreed to forfeit under this Agreement; or (b) any other asset in which Defendant has an interest.

The parties also agree, however, to the following exceptions to the above. Defendant is free to transfer, or to cause or allow others to transfer:

  a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $10,000;

  b) Ordinary living expenses, so long as such assets do not exceed $10,000 per month; and

  c) Attorney's fees incurred in this criminal case.

The prohibitions in this paragraph remains in effect until Defendant has paid any fine, forfeiture, or restitution ordered by the Court and resolved any tax liability resulting from the charged conduct.

Defendant also agrees to complete, truthfully and accurately, the enclosed sworn financial statement within 30 days of signing this Agreement.

7. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

  a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of the sentence agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

8. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*     \*     \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Benjamin A. Saltzman.

Sincerely,

JOSHUA S. LEVY
Acting United States Attorney

By: *SETH KOSTO* (Digitally signed by SETH KOSTO, Date: 2024.08.15 09:03:10 -04'00')

STEPHEN E. FRANK
Chief
Securities, Financial, & Cyber Fraud Unit

SETH B. KOSTO
Deputy Chief
Securities, Financial, & Cyber Fraud Unit

*Benjamin Saltzman*
BENJAMIN A. SALTZMAN
Assistant U.S. Attorney

BENJAMIN A. SALTZMAN
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I received an offer by letter dated July 18, 2024 and rejected it.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

DET TRAN
Defendant  *[signature]*
Date: 08/12/2024

I certify that DET TRAN has had this Plea Agreement read to Defendant in Defendant's native language and that we have discussed what it means. I believe that DET TRAN understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that in addition to this offer, the U.S. Attorney extended an offer dated July 18, 2024 and that I fully discussed that offer with Defendant before Defendant rejected it.

*[signature]*

MARTIN WEINBERG, ESQ.
Attorney for Defendant
Date: 08/15/2024

4